STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-222
DHM - KEN - 3/7/2003

RUTH WALKER, as next
friend and o/b/o EMILY WALKER,

Plaintiff

v.

MAINE SCHOOL ADMINISTTRATIVE
UNION #42, et al.,

Defendants

ORDER ON MOTION
TO DISMISS

DONALD L. GARBRECHT
LAW LIBRARY

MAR 31 2003

This matter is before the court on motion of Maine School Administrative Union #42 ("Union #42"). This is an action brought by the mother of a student at Maranacook High School against Union #42 and the adult in charge of a Life Skills Classroom. The defendant alleges physical and emotional abuse. Union #42 argues that it must be dismissed because it had no authority, and therefore no responsibility, to prevent the alleged abuse.

The defendant argues that school unions have no authority with respect to the operation or control of the schools, or the teachers employed at the schools, within a union because a school union is not a school administrative unit. *See* 20-A M.R.S.A. § 1(25). The functions of a school union are performed by a union committee. 20-A M.R.S.A. § 1902. The school union committee acts as an agent for the municipal school's units that are members of the school union. The duties of a school union committee are to employ a superintendent, fix his or her salary, provide an office with supplies and assistance, determine the services to be performed by the superintendent in each unit, and apportion the costs of the superintendent's employment among the

members of the union. 20-A M.R.S.A. §§ 1051, 1053, 1054, 1902. There is no statutory provision that specifically authorizes the school unions to direct, supervise or discipline teachers or students. The defendant goes on to argue that school unions do not employ teachers, rather superintendents employ teachers. 20-A M.R.S.A. § 13201. The authority to dismiss teachers is vested in the school board. 20-A M.R.S.A. § 13202. Therefore, Union #42 argues that defendant adult supervisor was not an employee of Union #42.

Plaintiff responds to defendant's argument by reciting the same statutory provisions. School unions provide a joint superintendent for each of the school units comprising the union. Unions are formed for the purpose of joining administrative services. 20-A M.R.S.A. § 1. A school union committee has full authority over employing and supervising the superintendent. 20-A M.R.S.A. § 1902. The union committee is made up of representatives from each school unit and the committee acts as an agent for each of the school units. 20-A M.R.S.A. § 1902. Finally, the plaintiff points out that the union may also assume additional responsibilities delegated to it by the school boards of the school administrative units comprising the school unions. 20-A M.R.S.A. § 1902(3)(F).

Both parties provide a correct recitation of the statutory provisions. This court can interpret those statute positions to support the defendant's position and can interpret those same provisions to support the plaintiff's position. This is a motion to dismiss. A motion to dismiss requires the court to consider only the allegations in the complaint and to accept them as a fact for purposes of making its decision. While the complaint is deficient in failing to expressly state that the adult defendant is an employee of the Union #42 or that Maranacook High School is a unit within Union #42, the court must infer that the allegation that the school union owed a duty to the plaintiff

is based upon those missing assertions. Considering the terms of the complaint as sufficient to support some theory of liability would include evidence that an unnamed school board had authority to discipline and dismiss teachers[1] or other staff through the superintendent by virtue of 20-A M.R.S.A. § 1902(3)(F) by the delegation of responsibility to the school union with regard to those employees. Accordingly, the court need not interpret the statutory provisions because there are insufficient facts to establish the authority in this particular school union.

The entry will be:

Defendant Maine School Administrative Union #42's motion to dismiss is DENIED.

Dated: March 7, 2003

Donald H. Marden
Justice, Superior Court

---

[1] Nowhere in the complaint does it say that the adult is a teacher.

RUTH WALKER  - PLAINTIFF
19 BLAKE ROAD
MONMOUTH ME 04259
Attorney for: RUTH WALKER
VERNE E PARADIE JR
TRAFTON & MATZEN
PO BOX 470
AUBURN ME 04212-0470

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CV-2002-00222

DOCKET RECORD

vs
MAINE SCHOOL ADMINISTRATIVE UNION #42 - DEFENDANT

Attorney for: MAINE SCHOOL ADMINISTRATIVE UNION
#42
MELISSA HEWEY
DRUMMOND WOODSUM & MACMAHON
245 COMMERCIAL ST.
PO BOX 9781
PORTLAND ME 04104-5081

Attorney for: MAINE SCHOOL ADMINISTRATIVE UNION
#42
HEATHER TALBOT
DRUMMOND WOODSUM & MACMAHON
245 COMMERCIAL ST.
PO BOX 9781
PORTLAND ME 04104-5081

AMY CUMMINGS  - DEFENDANT
P.O. BOX 24
STRONG ME 04983
Attorney for: AMY CUMMINGS
MICHAEL E SAUCIER
THOMPSON & BOWIE
THREE CANAL PLAZA
PO BOX 4630
PORTLAND ME 04112-4630

MARANACOOK COMMUNITY SCHOOL DISTRICT - DEFENDANT
RICHARD ABRAMSON  - DEFENDANT

Filing Document: COMPLAINT                    Minor Case Type: CONSTITUTIONAL/CIVIL RIGHTS
Filing Date: 10/21/2002

## Docket Events:

10/22/2002 FILING DOCUMENT - COMPLAINT FILED ON 10/21/2002

10/22/2002 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 10/22/2002
          Plaintiff's Attorney:  VERNE E PARADIE JR
          MAILED TO ATTY. OF RECORD.

10/22/2002 Party(s):  RUTH WALKER,EMILY WALKER
          JURY FILING - DEMAND FOR JURY TRIAL FILED ON 10/21/2002
          Plaintiff's Attorney:  VERNE E PARADIE JR
          JURY FEE OF $300.00 PAID.